UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **GUSTAVO HURTADO-VELEZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 06-CV-2119 |
| ) | |
| **MICHAEL DOWNEY, CHIEF OF** ) | |
| **CORRECTIONS; DONALD SESSIONS,** ) | |
| **CORRECTIONAL OFFICER; ANTONIO** ) | |
| **EMERY, CORRECTIONAL OFFICER;** ) | |
| **MARTY CALLOWAY, JR.,** ) | |
| **CORRECTIONAL OFFICER; JEAN** ) | |
| **FLAGEOLE, NURSE, KANKAKEE** ) | |
| **COUNTY SHERIFF'S DEPARTMENT,** ) | |
| **KANKAKEE CO.; TIMOTHY BUCKOWSKI,** ) | |
| **KANKAKEE COUNTY SHERIFF; COUNTY** ) | |
| **OF KANKAKEE, ILLINOIS; DR. CLYDE** ) | |
| **W. DAYHOFF; and UNNAMED EMPLOYEES** ) | |
| **OF THE KANKAKEE COUNTY JAIL,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION**

On August 15, 2007, Defendants Michael Downey, Donald Sessions, Antonio Emery, Marty Calloway, Jr., Jean Flageole, Timothy Buckowski and Dr. Clyde Dayhoff filed a Motion to Dismiss the Official Capacity Claims Asserted Against the Individual Defendants (#72) and a Memorandum in Support (#73). Defendants stated that all of the individual Defendants named in this case, except Sheriff Buckowski, are being sued in both their individual and official capacities. Defendants argued that official capacity claims are simply another way of suing the governmental entity directly. Defendants further argued that, because Plaintiff, Gustavo Hurtado-Velez, has sued Kankakee County and its Sheriff's Department directly in this case, the official capacity claims made against the individual Defendants are wholly superfluous and redundant and should be dismissed.

Defendants are correct that, when the local governmental entity has been sued, official

capacity claims are redundant and properly dismissed.  See <u>Knox v. Metropolitan Water Reclamation Dist. of Greater Chicago</u>, 2007 WL 1805334, at *4 (N.D. Ill. 2007); <u>Adedeji v. County of Cook, Ill.</u>, 2007 WL 1594475, at *3 (N.D. Ill. 2007); <u>Wilhelm v. City of Calumet City, Ill.</u>, 409 F. Supp. 2d 991, 994 n.1 (N.D. Ill. 2006); <u>Holiday v. City of Chicago</u>, 2006 WL 2853595, at *4 (N.D. Ill. 2006).  This is because an official capacity claim is the equivalent of suing the governmental entity.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-67 (1985); <u>Jungels v. Pierce</u>, 825 F.2d 1127, 1129 (7th Cir. 1987); <u>see also</u> <u>DeGenova v. Sheriff of DuPage County</u>, 209 F.3d 973, 974 n.1 (7th Cir. 2000).  The United States Supreme Court stated in <u>Kentucky v. Graham</u> that an official capacity suit "is <u>not</u> a suit against the official personally, for the real party in interest is the entity." <u>Kentucky</u>, 473 U.S. at 166 (emphasis in original).

In Response, Plaintiff filed a Motion to Strike Defendants' Motion to Dismiss (#79). Plaintiff did not dispute Defendants' argument that the official capacity claims are superfluous and redundant.  However, Plaintiff argued that the Motion to Dismiss should be stricken because it was not properly brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  This court does not agree.  Based upon the well-established case law cited by Defendants, this court concludes that the official capacity claims in this case must be dismissed.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion to Strike (#79) is DENIED.

(2) Defendants' Motion to Dismiss the Official Capacity Claims Asserted Against the Individual Defendants (#72) is GRANTED.

ENTERED this 6th day of September, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE